IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TIFFANY DORN, individually )<br>and on behalf of all )<br>others similarly situated, )<br>                                )<br>    Plaintiff,     )<br>                               )<br>    v.               )<br>                               )<br>VIVINT, INC.,       )<br>                               )<br>    Defendant.     ) | CIVIL ACTION NO.<br>2:19cv258-MHT<br>(WO) |

### ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's jurisdiction under 28 U.S.C. § 1332(d)(2), which codifies part of the Class Action Fairness Act of 2005 (CAFA). "Under CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $ 5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (citing 28 U.S.C. § 1332(d)(2)).

Plaintiff here has failed to establish minimal diversity between the parties. 28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business. To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States in which the corporation has been incorporated *and* the State in which the corporation has its principal place of business. *See American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam). The plaintiff's complaint fails to allege sufficiently the citizenship of defendant Vivant, Inc.

In any case, it is apparent from the face of the complaint that the court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 over plaintiff's claim under the Fair Credit

Reporting Act, 15 U.S.C. § 1681, *et seq.*, as well as supplemental jurisdiction over plaintiff's state-law negligence claim pursuant to 28 U.S.C. § 1367. When jurisdiction is imperfectly pled but federal jurisdiction nevertheless appears evident from the face of the pleading, a court should give leave to the plaintiff to file an amended pleading properly stating the basis for jurisdiction. *Cf. Armada Coal Exp., Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1568–69 (11th Cir. 1984) (remanding to district court to allow amendment of removal petition to state proper basis for jurisdiction where notice of removal was arguably insufficient to establish admiralty and maritime jurisdiction, but it was apparent on face of petition that the court had diversity jurisdiction).

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until June 14, 2019, to amend the complaint to allege subject-matter

jurisdiction properly.

DONE, this the 31st day of May, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

4