IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIFFANY DORN, DANIEL SULLEN, and JOSHUA RENFROE, individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) CASE NO.: 2:19-CV-258-MHT-SMD ) ) CLASS ACTION |
| v. | ) ) JURY TRIAL DEMANDED |
| VIVINT, INC., | ) ) |
| Defendant. | ) |

### VIVINT INC.'S MOTION TO STRIKE DECLARATION AND EXCLUDE EXPERT REPORT OF CHAD SEALES

Vivint, Inc. requests the Court strike the declaration of Chad R. Seales ("Seales") attached in support of Plaintiffs' Motion for Class Certification (Doc. 28–30) and exclude Seales' expert report under Fed. R. Civ. P. 702–03 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). A true and correct copy of the deposition of Seales given in this lawsuit is attached as **Exhibit "F"** to the Evidentiary Submission of Vivint in Support of its Opposition to Plaintiffs' Motion for Class Certification (the "Submission") filed contemporaneously with this Motion, and true and correct copies of Seales Declaration in Support of Plaintiffs' Motion for Class Certification and Seales' report provided pursuant to Fed. R. Civ. P. 26 are attached to the Submission as **Exhibits F-4** and **F-2**, respectively.[1]

#### INTRODUCTION

In support of their argument that the Court can ascertain their proposed classes, Plaintiffs submitted a declaration by Seales (Doc. 30 at Ex. D), containing opinions presented in his report. The declaration contains statements purporting to convey information regarding Vivint's internal

---

[1] Exhibit F to the Submission and all exhibits thereto are incorporated by reference as if fully set forth herein.

systems—all requiring personal knowledge Seales does not have, as he has never worked for Vivint and knows nothing of Vivint's customized use of Salesforce other than what is shown in the document production listed in his report.

What's more, the opinions contained in Seales' declaration and report do nothing to aid the fact-finder, nor do they profess a methodology, let alone a reliable one, that can be applied here for any purpose. And Plaintiffs admitted as much when opposing Vivint's request for time to depose Seales prior to responding to the ascertainability argument his declaration ostensibly supported: "Had Vivint timely produced the reports when requested, [as it has now,] Plaintiffs would not have been required to spend the time and money to obtain Mr. Seale's opinions in the first place, and his Declaration in support of class members ascertainability would not have been required." (Doc. 35 at 4).[2] Putting aside the tacit admission that Seales has more to do with a discovery dispute never brought before the Court than with class certification, Plaintiffs concede that with Vivint's production, Seales "Declaration . . . [is] not . . . required." (*Id.*) As the Declaration and report contain the same—now needless opinions—they rise and fall together, even without their independent basis to strike and exclude each.

As such, the Court should strike Seales' declaration in support of Plaintiffs' Motion and exclude the expert report of Seales.

---

[2] As noted in Vivint's Opposition to Plaintiffs Motion for Class Certification, the Parties had an understanding that the requests Plaintiffs claim went unanswered were satisfied by the production of the 3+ Accounts Lists (term defined in Vivint's Opposition). And it was not until Plaintiffs filed their Motion for Class Certification that Vivint discovered to the contrary. The discovery dispute that resulted in Vivint's production of the data obfuscating the need for Seales' declaration and report began 6 days after the filing of the Motion, which was additionally filed prior to the disclosure of Seales' report, in part, because that deadline had not yet passed. In other words, rather than tell Vivint that Plaintiffs believed Vivint's production was deficient, requiring the hiring of an purported expert, Plaintiffs waited to say so in their Motion, informing the Court and Vivint of the issue at the same time.

**ARGUMENT**

**I. Seales lacks personal knowledge of the facts of this case and of Vivint's data systems.**

Seales' declaration, in part, requires personal knowledge of Vivint's system, which he does not have. Yet, opinions by lay witnesses must be derived from personal knowledge or experience. *See Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake Cty. Fla.*, 947 F.3d 1362, 1368 (11th Cir. 2020) (citing *Fed*. R. Evid. 701; *Williams v. Mosaic Fertilizer, LLC*, 889 F.3d 1239, 1250 (11th Cir. 2018)); *United States v. Marshall*, 173 F.3d 1312, 1315 (11th Cir. 1999) ("[T]he opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation.").

The fact that Seales seeks to propound factual statements alongside purported opinions does not remove this requirement. *See United States v. Hawkins*, 934 F.3d 1251, 1268 (11th Cir. 2019) (quoting *United States v. York*, 572 F.3d 415, 421 (7th Cir. 2009)) ("'[I]f the witness testifies as both a fact witness and an expert witness in the same trip to the witness stand . . . , the government and the court must take some special precautions to make clear for the jury when the witness is relying on his expertise and when he is relying only on his personal knowledge of the case.'" ); *Rondini v. Bunn*, No. 7:17-CV-01114-RDP, 2020 WL 136858, at *2 (N.D. Ala. Jan. 13, 2020) (quoting *Phillips v. Am. Honda Motor Co.*, 438 F. Supp. 2d 1328, 1330 (S.D. Ala. 2006)) ("'[T]reating physicians are not treated as experts to the extent their testimony is based on observations during the course of treatment unless their testimony was acquired or developed in anticipation of litigation or for trial. However, as fact witnesses, their opinions must be based on facts of which they have personal knowledge.'"). And "[w]hen presented such testimony, '[a] trial judge must rigorously examine the reliability of a layperson's opinion by ensuring that the witness possesses sufficient specialized knowledge or experience which is germane to the

3

opinion offered.'" *Todd v. Bailey*, No. 3:12CV589-MHT, 2018 WL 1674459, at *9 (M.D. Ala. Apr. 6, 2018) (Thompson, J.), *appeal dismissed sub nom. Todd v. City of Lafayette, Alabama*, No. 18-11943-FF, 2018 WL 5819380 (11th Cir. Aug. 22, 2018) (internal citations and quotations omitted).

> Here, Seales makes a direct statement regarding the internal systems of Vivint:
>
> All of Vivint Salesforce data is stored within object (tables) and fields (data recording units) within their Salesforce database. Vivint stores Vivint Customer data within fields on the Account and Contact objects and stores Vivint Service information within the Case object.

Ex. F-4 at ¶ 4. Yet, Seales has never worked for Vivint and knows nothing of Vivint's use of Salesforce other than what is shown in the document production listed in his report. *See* Ex. F at 80:15–81:14; *see also* Ex. F at 61:18–63:4 (stating unlikely Seales reviewed—and certainly did not rely upon—Vivint's corporate representative's deposition where testimony regarding Vivint's use of Salesforce was discussed at length). Because an "opinion of lay witness . . . is admissible only if it is based on first-hand knowledge or observation" and Seales clearly is not, the Court should strike the Declaration. *Marshall*, 173 F.3d at 1315; *see also Aronson v. Peoples Nat. Gas Co.*, 180 F.3d 558, 563 n.2 (3d Cir. 1999) ("The trial court rejected the verification because it failed to set forth facts demonstrating Aronson's personal knowledge and competence to testify regarding the subject matter discussed and because portions of it constituted hearsay. . . . Aronson contends that he has personal knowledge resulting from his conversations with others about whether Peoples Gas requested an exemption from the Board, whether the Board has exempted Peoples Gas, and whether Pennsylvania itself requested an exemption. . . . [T]he District Court did not err in rejecting the verification for the reasons given."); *Holt v. Waffle House, Inc.*, No. CV 06-00002-B, 2006 WL 8437898, at *1 n.1 (S.D. Ala. Oct. 18, 2006) ("The Kyser affidavit is replete with conclusory assertions and does not contain a proper foundation.

Accordingly, Defendant's Motion to Strike the Kyser affidavit is GRANTED.").

## II. The *Daubert* Legal Standard Applies to Class Certification Experts.

A *Daubert* inquiry is necessary where "expert testimony [is] offered to prove satisfaction of Rule 23's requirements." *In re Blood Reagents*, 783 F.3d 183, 187–88 n.8 (3d Cir. 2015); *see also Sher v. Raytheon Co.*, 419 F. App'x 887, 890–91 (11th Cir. 2011) (finding the district court's failure to conduct a *Daubert*-like critique of the expert's qualifications prior to granting class certification was error and finding *American Honda Motor Co., Inc. v. Allen*, 600 F.3d 813 (7th Cir. 2010) "persuasive" that *Daubert* applies); *Braggs v. Dunn*, 317 F.R.D. 634, 643 (M.D. Ala. 2016) (Thompson, J.) (citing *Sher v. Raytheon Co.*, 419 Fed.Appx. 887, 890–91 (11th Cir. 2011)) ("However, the Eleventh Circuit and others have held that when a court relies on expert testimony to find that a Rule 23 requirement has been met, the court must conduct a Daubert analysis and conclude that the expert's opinions satisfy its standard."); *see also* (Doc. 35 at 4 (stating Declaration and Seales opinions made "in support of class member ascertainability").

An expert must do more than "simply demonstrate a general knowledge in a particular field" to be permitted to testify. *Lofton v. Gen. Motors Corp.*, 33 F.3d 1379, at *3 (5th Cir. 1994); *see also McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1238 (11th Cir. 2005). The methodology utilized in the case is paramount: "Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Brown v. Illinois Cent. R. Co.*, 705 F.3d 531, 537 (5th Cir. 2013); *see also Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) ("[W]hile an expert's overwhelming qualifications may bear on the reliability of his proffered testimony, they are by no means a guarantor of reliability. By the same token, a reliable opinion expressed by a genuinely qualified expert may not help the jury if it does not pertain to a fact at issue in the case."). As such, courts must exclude opinion

"connected to existing data only by the *ipse dixit* of the expert." *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997). Moreover, "[t]he trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1244 (11th Cir. 2005) (citations omitted).[3]

Accordingly, the Court should conduct the same analysis of Rule 702's requirements[4] for any expert opinion testimony proffered at the class certification stage as it would for trial.

**III.   Seales's has no methodology, let alone a reliable one, properly applied in this case, and his opinion in no way will aid the fact finder—as Plaintiffs admit.**

Seales' opinion—no longer needed according to Plaintiffs[5]—is limited only to what searches Salesforce can do. Ex. F at 29:13–14; 32:18–22. Seales fully disclaims any analysis or interpretation of the data he claims Salesforce can produce. *Id.* at 32:23–33:3; 33:8–20; 35:5–18; 36:7–10; 36:11–15. He does not claim that produced data contains class members. *Id.* at 78:5–14. To the contrary, he admits that further review would be necessary in order to determine if such data reflects class members, review he has not conducted and is not qualified to do. *Id.* at 78:5–14. To put a fine point on the limitations of his opinion—it does not matter if the data produced or reflected is accurate, reliable, or tested for his opinions. *Id.* at 66:3–17; *see also id.* at 65:1–6

---

[3] *See also Hall v. United States*, 367 F.3d 1255, 1261–62 (11th Cir. 2004) (affirming exclusion of expert who did "not cite to any scientific method or literature supporting his conclusions or approving of the method he employed to make those conclusions"); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1321 (11th Cir. 1999) (affirming exclusion of expert's opinions as unreliable because never tested theory and literature did not support theory; opinion was developed solely for litigation; "has simply substituted his own *ipse dixit* for scientific proof").

[4] As this Court is aware, an expert must satisfy each of the elements of Rule 702:
A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.
Fed. R. Evid. 702.

[5] (Doc. 35 at 4 ("Had Vivint timely produced the reports when requested, [as it has now,] Plaintiffs would not have been required to spend the time and money to obtain Mr. Seale's opinions in the first place, and his Declaration in support of class members ascertainability would not have been required.")). Plaintiffs' admission shows Seales' report fails to satisfy Rule 702(a)'s requirement that his testimony and report "will help the trier of fact to understand the evidence or to determine a fact in issue." The Court may exclude the report on this basis.

(hasn't tested validity or accuracy of data), 83:6–13 (no knowledge of how prevalent errors may be in Vivint's data).

Such a limited opinion, made obsolete by the mere production of documents, clearly is of no aid to the fact finder, and the Court should exclude the report of Seales on this basis alone.[6]

Turning to the requirements that Seales use reliable methods here strengthens the conclusion. As noted above, Seales's "method" is to run searches in Vivint's system, without regard to the accuracy of the data contained therein, or whether the results of these searches captures any, some, or all of the putative class members along with scores of other accounts. Ex. F at 29:20–30:3; 32:18–22. In fact, Seales readily admits he was not providing an opinion regarding what the data rendered by his searches means, or signifies. *See id*. at 32:23–33:3; 35:5–18; 36:7–10; 36:11–15; 33:8–20. This "service" does not satisfy Rule 702 and *Daubert* because Seales intends to present existing data and attempt to rely on his *ipse dixit* to explain how a class is ascertainable. *See Joiner*, 522 U.S. at 146.

Put bluntly, Seales' opinion is that Vivint can produce documents it produced. But expert testimony must be "genuinely scientific," not a tautology. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 278 (5th Cir. 1998) (en banc) (citation omitted). Accordingly, Seales' "service" does not satisfy Rule 702 or *Daubert*, and the Court should exclude his report. *See Joiner*, 522 U.S. at 146.

## CONCLUSION

Based on the foregoing, Vivint respectfully requests that this Court enter an Order striking Plaintiff's expert's Chad Seales's expert report and excluding his testimony in this

---

[6] Fed. R. Evid. 702(a) (providing independent requirement that expert opinion "help the trier of fact to understand the evidence or to determine a fact in issue").

matter.[7]

Respectfully submitted this 29th day of April, 2020.

/s/ *Jonathan P. Hoffmann*
One of the Attorneys for Defendant,
Vivint, Inc.

**OF COUNSEL:**

Jason B. Tompkins
Joseph D. Leavens
Jonathan P. Hoffmann
Balch & Bingham LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203
Tel.: 205-226-3421
Email: jtompkins@balch.com
         jleavens@balch.com
         jhoffmann@balch.com

---

[7] Class certification is due to be denied regardless of whether this Motion is granted for all of the reasons expressed in Vivint's Opposition. Even if Seales' testimony were to pass the *Daubert* bar, he provides no aid to ascertain the class, which Plaintiffs cannot do. Further, this Court can discount Seales' testimony in determining whether the Rule 23 requirements are met for all of the reasons explained in this Motion, even if it does not completely strike the testimony.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2020, I caused to be served a true and accurate copy of the foregoing, via CM/ECF or via e-mail on the following parties, as well as all other parties that receive CM/ECF notification, and/or upon the following via United States Mail:

Jonathan S. Mann
Austin Whitten
Michael C. Bradley
PITTMAN, DUTTON & HELLUMS, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203

                                        /s/ *Jonathan P. Hoffmann*
                                        OF COUNSEL