IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TIFFANY DORN, *et al.*,          )
                                 )
          Plaintiffs,            )
                                 )          Case No. 2:19-cv-258-MHT-JTA
v.                               )
                                 )
VIVINT, INC.,                    )
                                 )
          Defendant.             )
                                 )

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the parties' Joint Motion to Modify Scheduling Order Deadlines wherein the parties seek a 60-day extension of the discovery deadline, face-to-face settlement conference deadline, and the dispositive motion deadline.  (Doc. No. 68.)  The parties also request a 60-day continuance of the trial date.  (*Id*. at ¶ 5.)  By Order dated July 27, 2020, the undersigned was directed to make a recommendation as to whether any deadlines in the Uniform Scheduling Order should be extended.  (Doc. No. 70.)

On July 28, 2020, the parties appeared before the undersigned in a telephonic status hearing.  (*See* Doc. No. 69.)  During the hearing, the parties argued the pending discovery motions as well as advised the undersigned of the status of discovery.  It is clear to the undersigned that the parties are actively engaged in discovery, are working diligently to resolve discovery disputes, and are vigorously striving to complete discovery.   Indeed, the parties are to be commended for their aggressive yet amicable discovery practice.  Despite the present novel coronavirus pandemic and the challenges that ensue, the parties have

progressed in their efforts to complete discovery and simply need more time to accomplish this task.

Accordingly, it is the RECOMMENDATION of the undersigned that the Joint Motion to Modify Scheduling Order Deadlines (Doc. No. 68) be granted.

It is further

ORDERED that **on or before August 14, 2020**, the parties may file an objection to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which they object.  The parties are advised that frivolous, conclusive, or general objections will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of July, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

2