IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| TIFFANY DORN, et al., individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:19cv258-MHT (WO) |
| VIVINT, INC., | ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

Now pending before the court are the plaintiffs'
motion for leave to supplement the reply brief to their
motion for class certification with the supplemental
expert report of Lindsay Gill and defendant Vivint,
Inc.'s motion to exclude the expert report and
testimony of Lindsay Gill. For the reasons below, the
court will grant the plaintiffs' motion for leave to
supplement and deny without prejudice Vivint's motion
to exclude.

## I.  BACKGROUND

The plaintiffs disclosed the expert report of Certified Fraud Examiner Gill in compliance with the deadlines in the uniform scheduling order.  Vivint was provided with a copy of this report and deposed Gill. Gill noted in her report and stated during her deposition that her analysis was based on the limited information the company had disclosed and that she required additional data to complete her work.  The plaintiffs requested this information from Vivint as part of their third set of discovery requests.  The company objected to the request, and the plaintiffs subsequently filed a motion to compel responses.  The parties eventually reached an agreement under which the company agreed to produce the requested data, but only for a subset of its accounts.  The company provided these data to Gill and, the following day, filed a motion to exclude her expert report and testimony.

Several weeks later, the plaintiffs submitted to Vivint an updated version of Gill's expert report, which had been revised based on the additional customer data. The company deposed Gill again regarding the contents of the supplemental report. The plaintiffs also filed the motion to supplement now before the court, seeking to include Gill's supplemental report in support of their motion for class certification. The company opposes this motion.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 dictates that the parties must disclose their testifying experts and sets the deadlines and requirements for doing so. A party's expert report must include "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Under Rule 26(e), parties have a duty to supplement their expert reports "in a timely manner

3

if the party learns that in some material respect the disclosure ... is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). These "additions or changes" "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

If a party violates Rule 26(a) or (e), Federal Rule of Civil Procedure 37(c) allows the court to prevent the party from using the expert evidence "unless the failure was substantially justified or is harmless." *See also OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008). The court has "broad discretion" to exclude untimely expert analysis, even if the party has designated the analysis as a "supplemental report." *Guevara v. NCL (Bahama) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019).

4

## III.  DISCUSSION

Vivint argues that Gill's updated report cannot accurately be considered a supplement because it contains new opinions based on new methodology.  The company says that the report should instead be considered an untimely effort to shore up Gill's analysis long after the deadline for expert disclosures passed.  And this untimeliness, according to the company, is self-inflicted: plaintiffs should have asked for the relevant data earlier, before Gill produced her original report.

Rule 26(e) does not give a party license to supplement a previously filed expert report merely to remedy a deficiency or address criticisms. Supplementation is appropriate "for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14cv24277, 2016 WL 3102225, at *6 (S.D. Fla. June 2,

2016) (Goodman, M.J.).   Courts must carefully distinguish between this sort of "true supplementation" and mere "gamesmanship."   *Gallagher v. Southern Source Packaging, LLC*, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008) (Dever, J.).

It is clear this supplemental report is not the result of gamesmanship.   Indeed, the major source of delay in this case has been *Vivint*, not the plaintiffs. The company drew out the discovery process for months, leaving plaintiffs without access to the data relevant to Gill's second report until after the deadline for expert disclosures had passed.   Receiving this additional information certainly did not give Gill carte blanche to overhaul completely her report or fundamentally change her conclusions.   However, the supplemental report offered by the plaintiffs merely builds on and refines the conclusions of the initial report based on Gill's analysis of the new data. Because this is exactly the type of additional

information that courts have found to be acceptable as supplementation, *see Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 719 (11th Cir. 2019) (finding that the district court did not abuse its discretion in allowing portions of a supplemental report that "incorporated or relied upon [the other party's] late discovery"); *Deere & Co. v. FIMCO Inc.*, 260 F. Supp. 3d 830, 837 (W.D. Ky. 2017) (Russell, *J.*) (holding that a supplement containing over 700 pages of new evidence was acceptable because it did not change the earlier opinions or theories), the plaintiffs were *required* to produce it under Rule 26(e).

It is true that, as Vivint points out, the plaintiffs failed to request the data Gill relies on in her supplemental analysis before her initial report was due. However, the court is convinced that this was neither mismanagement of the case nor a deliberate effort to spring new evidence on the company after the deadline for expert reports had passed. Instead, the

delay is the predictable result of Vivint's failure to respond to discovery requests in a timely and thorough manner. The plaintiffs have produced numerous communications with opposing counsel in which they objected to the company's slow and deficient discovery responses in the months before Gill produced her original report, revealing a pattern of foot-dragging by the company that undermined the plaintiffs' ability to identify and obtain the information they needed. There is no indication that the plaintiffs were dilatory in trying to obtain the data used in Gill's supplemental report: they requested it far before the close of discovery, and the company delayed responding for so long that the plaintiffs filed a motion to compel. Indeed, while the plaintiffs waited only five days after submitting Gill's initial report to request the additional information she required, it took the company over five months to ultimately produce that

information. Vivint cannot force the plaintiffs to shoulder the cost of its own intransigence.

Even if the court were to find that this motion to supplement was actually an untimely attempt to bolster Gill's expert report, there is a lack of sufficient prejudice to support its exclusion. *See* Fed. R. Civ. P. 37(c)(1); *Thompson v. Merrill*, No. 2:16cv783, 2020 WL 4756598, at *2 (M.D. Ala. Aug. 17, 2020) (Marks, C.J.). The determination of whether a party's expert evidence should be excluded under Rule 37(c) lies within the "broad discretion" of the court. *Abdulla v. Klosinski*, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012) (Hall, J.). Here, there is no indication that Vivint was surprised or unduly prejudiced by Gill's supplemental report. In both her original report and at her deposition, Gill made clear that she intended to perform a more thorough analysis once she received additional data from the company. And since the conclusions expressed in the supplemental report are in

line with those in the initial report, the company cannot claim to have been caught unawares by either the existence of the report or the analysis it contained. *See Rockhill-Anderson v. Deere & Co.*, 994 F. Supp. 2d 1224, 1233 (M.D. Ala. 2014) (Watkins, C.J.) (finding little prejudice where an expert's "ultimate opinion did not change" in the supplemental report and "his new analysis was based on information that always has been within" the possession of the objecting party).

Plaintiffs also volunteered to allow Vivint to depose Gill once again, and they provided the supplemental report to the company weeks before the deposition. The court is not persuaded that this deposition, which the company agreed to and which provided the company with an opportunity to satisfy any questions it had about Gill's work, was unduly burdensome. Nor does the court find that the need for Vivint to seek leave from the court to file a motion pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509

10

U.S. 579 (1993), or a surreply in opposition to plaintiffs' motion for class certification is prejudicial, given the plaintiffs' lack of opposition to these motions and the fact that the court now grants them.   Thus, would be no grounds to exclude Gill's supplemental expert report even if the court found that it was untimely.

* * *

Accordingly, it is ORDERED that:

(1) The plaintiffs' motion for leave to supplement (doc. no. 93) is granted.

(2) The plaintiffs shall, by February 19, 2021, file Lindsay Gill's supplemental expert report (doc. no. 93-1) as a supplement to their reply brief in support of their motion for class certification (doc. no. 52).   The clerk's office shall link the supplement to the exhibits previously filed under seal (doc. no. 96-1).

(3) Defendant Vivint, Inc.'s motion to exclude the

expert report and testimony of Lindsay Gill (doc. no. 81) is denied without prejudice.   Defendant Vivint, Inc. may file a motion to exclude Gill's supplemented report and testimony by 5:00 p.m. on March 12, 2021.

(4) Defendant Vivint, Inc. may file a surreply in opposition to the plaintiffs' motion for class certification by 5:00 p.m. on March 19, 2021.

DONE, this the 16th day of February, 2021.

        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

12