**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| **TIFFANY DORN, et al.,**  individually and on behalf of all others similarly situated,  )  )  )  )  )    Plaintiffs,  )  )    v.  )  )  **VIVINT, INC.,**  )  )    Defendant.  ) | CIVIL ACTION NO.  2:19cv258-MHT  (WO) |

**OPINION**

Plaintiffs Tiffany Dorn, Daniel Sullen, and Joshua Renfroe filed this case asserting federal claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and state-law claims of negligence, wantonness, and willfulness against defendant Vivint, Inc.  The court has subject-matter jurisdiction over the federal claims under 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1681p and over the state-law claims under 28 U.S.C. § 1367 (supplemental).  The plaintiffs sought class certification, and asserted jurisdiction under

the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), as well.  Before the court ruled on the motion for class certification, the parties moved to stay all deadlines pending an effort to mediate the case, and the court entered a stay.  Eventually, there was a breakdown in the relationship between plaintiff Dorn and the plaintiffs' attorneys, and she decided to represent herself in this action.  Meanwhile, the two other plaintiffs, through counsel, reached a settlement with defendant Vivint.

This case is before the court on the joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) filed by plaintiffs Renfroe and Sullen, individually and on behalf of all others similarly situated, and defendant Vivint.  Upon consideration of the stipulation, the court became concerned as to whether it could dismiss Renfroe's and Sullen's claims under Rule 41 given that Dorn's claims would remain pending.  For the following reasons, the

court finds that dismissal under Rule 41 is permissible in this circumstance.

Federal Rule of Civil Procedure 41 is called "Dismissal of Actions." Part (a) of the rule governs voluntary dismissals. The settling parties here have filed a joint stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), which provides that "the plaintiff may dismiss an action without a court order by filing ... a stipulation of dismissal signed by all parties who have appeared."[1]

Two problems arise. First, the joint stipulation was signed by counsel for plaintiffs Sullen and Renfroe and for defendant Vivint, but was not signed by

---

1. Rule 41(a)(1)(A) allows dismissal without a court order "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute." Rule 23(e)--part of the rule on class actions--is the only potentially relevant rule here. However, it does not apply here because it governs the settlement, voluntary dismissal, or compromise of "[t]he claims ... of [*only*] a certified class--or a class proposed to be certified for purposes of settlement." Fed. R. Civ. P. 23(e). No class has been certified here; nor do the parties seek certification for purposes of settlement.

3

plaintiff Dorn.  Thus, it was not "signed by all parties who have appeared," as required by the relevant subsection of the Rule.   Fed. R. Civ. P. 41(a)(1)(A)(ii).  The court can circumvent this problem by construing the joint stipulation as a motion to dismiss under 41(a)(2)[2], which need not be signed by all parties, but another, more complicated, issue remains.

In multiple opinions, the Eleventh Circuit Court of Appeals has rejected efforts to use Rule 41(a) to dismiss less than all claims in a case.  As the court recently explained, "[a] joint stipulation of voluntary dismissal may be used to dismiss only an 'action' in its entirety."  *Rosell v. VMSB*, LLC, 67 F.4th 1141, 1144 (11th Cir. 2023) (quoting *Perry v. Schumacher Grp. of Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018)).  This is so because Rule 41 "speaks of voluntary

---

2. Rule 41(a)(2) provides, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. ... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  Fed. R. Civ. P. 41(a)(2).

dismissal of an 'action,' not a claim." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (quoting *State Treasurer v. Barry*, 168 F.3d 8, 19 n.9 (11th Cir. 1999)).  "Rule 41(a) does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *Rosell*, 67 F.4th at 1144 (quoting *In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023) (quotation marks omitted)); *see also id.* (noting that these conclusions apply to dismissals under both Rule 41(a)(1) and (a)(2)).

That said, "Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant." *Klay*, 376 F.3d at 1106.  In *Rosell*, the court explained that this "exception (if it can be called that) is compatible with the rule's text because in a multi-defendant lawsuit, an 'action' can refer to all the claims against one party."  67 F.4th at 1144 (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 & n.14 (4th ed.

5

2023 update)).

This case presents a distinct situation: two of the three plaintiffs and the sole defendant wish to dismiss all of the two plaintiffs' claims against the defendant, leaving the claims of one plaintiff pending. In effect, each of these plaintiffs wishes to dismiss his 'action' against the defendant. *See Miller v. Stewart*, 43 F.R.D. 409, 412–13 (E.D. Ill. 1967) (Juergens, C.J.) ("Each plaintiff in this suit has a separate and distinct cause of action from each of the other plaintiffs. ... Under the circumstances here presented, the notice of dismissal [pursuant to Rule 41(a)(1)] of two but less than all plaintiffs is effective to dismiss the action as to these two plaintiffs."); *cf. Elmore v. Henderson*, 227 F.3d 1009, 1011–12 (7th Cir. 2000) ("When there are several plaintiffs in a single suit and one is dismissed out, whether under Rule 21 or any other rule or doctrine, it is as if he had brought a separate suit that was

dismissed.").

If, in a multidefendant lawsuit, all of a plaintiff's claims against a particular defendant can be considered 'an action,' though the same plaintiff's claims remain pending against other defendants, then surely all of a plaintiff's claims in a multiplaintiff suit against a defendant can likewise be considered 'an action' under Rule 41(a).

The court will dismiss Renfroe's and Sullen's action against Vivint by separate order.

DONE, this the 21st day of February, 2024.

                                /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE